FILED & ENTERED

OCT 06 2026

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gonzalez DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>JUDITH MENDEZ,<br><br>Debtor(s), | Case No.: 2:26-bk-13745-WB<br><br>Chapter: 13<br><br>Adversary No.: 2:26-ap-01123-WB |
| JUDITH MENDEZ,<br><br>Plaintiff(s),<br><br>vs.<br><br>BEACON DEFAULT MANAGEMENT INC., BMO BANK N.A., BYOLL LLC, IPTC LLC, RICK ROUSSIN, NEELAH SHAIKH, DOES 1-10 INCLUSIVE,<br><br>Defendant(s). | **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND TO VACATE AUGUST 13, 2026 ORDER DISMISSING ADVERSARY PROCEEDING**<br><br>[No hearing required] |

Before the Court is plaintiff Judith Mendez's ("Plaintiff") Motion for Reconsideration and to Vacate August 13, 2026 Order Dismissing Adversary Proceeding; Request for Retention of Jurisdiction; Request for Hearing ("Motion") [Docket No. 22], filed on August 27, 2026. Plaintiff seeks relief under Rules 9023[1] and 9024. Having reviewed the Motion and the record in this adversary proceeding, Plaintiff's chapter 13 case, and her prior bankruptcy case, the Court finds the matter suitable for disposition without a hearing. For the reasons that follow, the Motion is denied.

**BACKGROUND**

On May 21, 2026, while her chapter 13 bankruptcy case was pending, Plaintiff commenced this adversary proceeding against BYOLL LLC, Rick Roussin, IPTC LLC, Neelah Shaikh, BMO Bank N.A., and Beacon Default Management, Inc. (collectively, "Defendants"). The complaint arises from the foreclosure of real property located at 6361 West Quebec Drive, Los Angeles, California (the "Property"). In addition to numerous state-law claims, the complaint seeks determinations concerning the validity and allowance of claims, turnover, equitable subordination, avoidance of transfers, alleged violations of the automatic stay, and alleged fraud and misrepresentations made to the Bankruptcy Court in Plaintiff's prior chapter 13 case, Case No. 2:24-bk-19000-WB ("Prior Case").

On August 7, 2026, the Court dismissed the chapter 13 case with prejudice under §§ 1307(c) and 349(a) and barred Plaintiff from filing another bankruptcy petition under any chapter ("Case Dismissal Order"). On August 13, 2026, the Court entered an order dismissing this adversary proceeding ("Dismissal Order") [Adv. Docket No. 20]. The Court stated that, "[i]n light of the dismissal of the underlying bankruptcy case, the nature of the claims asserted in this adversary proceeding, and the absence of an ongoing

---

[1]Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure ("FRBP"), which make applicable certain Federal Rules of Civil Procedure ("Civil Rule" or "FRCP"), and all "LBR" references are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California.

bankruptcy case to administer, the Court declines to retain jurisdiction over this adversary proceeding."

Plaintiff timely filed the Motion fourteen days later. She principally argues that this adversary proceeding differs from her prior adversary proceeding, Adv. No. 2:25-ap-01406-WB, because this one was filed while the bankruptcy case was pending. Relying on *In re Carraher*, 971 F.2d 327 (9th Cir. 1992), she contends that dismissal of the chapter 13 case did not automatically divest the Court of jurisdiction and that the Court must instead weigh judicial economy, convenience, fairness, and comity, which she contends favor retention. She further argues that the complaint does not assert only state law claims but also bankruptcy claims concerning the automatic stay, validity and allowance of claims, turnover, equitable subordination, avoidance, property of the estate, and fraud on the Bankruptcy Court. Much of the Motion again addresses the underlying dispute over the Property, including the amount owed to BYOLL LLC, the validity of the foreclosure sale, Shaikh's ownership, the recorded lis pendens, and California's extended-bidding procedures under Civil Code § 2924m. Finally, noting her pending motion to reconsider the Case Dismissal Order, Plaintiff asks the Court to vacate the Dismissal Order and restore this adversary proceeding or, at minimum, hold it in abeyance until the Court rules on that motion.

Concurrently with this order, the Court is entering a separate order in the bankruptcy case denying Plaintiff's motion to reconsider the Case Dismissal Order ("Order Denying Reconsideration").

## DISCUSSION

Rule 9023 makes Civil Rule 59 applicable in bankruptcy cases. Reconsideration under Civil Rule 59(e) is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). If a motion for reconsideration is filed within fourteen days of the entry of judgment, the motion "is treated as a motion to alter or amend judgment under [Civil Rule] 59(e)." *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.,* 248 F.3d 892, 898–99 (9th Cir. 2001) (citing *United States v. Nutri-cology, Inc.,*

982 F.2d 394, 397 (9th Cir. 1992)). Absent highly unusual circumstances, relief is appropriate only if the court is presented with newly discovered evidence, committed clear error or manifest injustice, or there is an intervening change in the controlling law. *McDowell v. Calderon, 197 F.3d 1253, 1255 n.1* (9th Cir. 1999); *see also 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). A motion under Civil Rule 59(e) may not be used to relitigate old matters or to raise arguments or present evidence that could have been raised before entry of the order. *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008).

Plaintiff also seeks relief under Rule 9024, which makes Civil Rule 60 applicable in bankruptcy cases. Civil Rule 60(b) permits relief from a final order for mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; fraud, misrepresentation, or misconduct by an opposing party; a void judgment; satisfaction, release, or discharge; or any other reason justifying relief. FRCP 60(b)(1)–(6). The movant bears the burden of establishing entitlement to relief under the particular subsection invoked. *See In re Martinelli*, 96 B.R. 1011, 1013 (9th Cir. BAP 1988).

The Motion rests largely on the premise that the Court dismissed this adversary proceeding because it asserted only state law claims or because jurisdiction was lacking when the complaint was filed. That is not what the Court ruled. The Court did not find that the complaint asserted only state law claims; it found that the claims were primarily state law claims. Nor did the Court hold that dismissal of the chapter 13 case automatically divested it of jurisdiction. The Court declined to retain jurisdiction in light of the dismissal of the underlying case, the nature of the claims, and the absence of a bankruptcy case to administer.

Dismissal of the underlying bankruptcy case does not automatically strip the bankruptcy court of jurisdiction over a related proceeding; rather, the Court has discretion to retain jurisdiction after considering judicial economy, convenience to the parties, fairness, and comity. *Carraher*, 971 F.2d at 328; *see also In re Casamont Investors, Ltd.*, 196 B.R. 517, 524–25 (9th Cir. BAP 1996). The distinction Plaintiff draws between this proceeding and Adv. No. 2:25-ap-01406-WB therefore does not show error. Whether the

Court had jurisdiction when the complaint was filed does not answer whether the Court should retain jurisdiction after the bankruptcy case was dismissed.

On reconsideration, the relevant factors continue to support dismissal. The underlying facts and issues substantially overlap with matters that have been extensively litigated in the state court. Many of those issues have been fully decided, or the decisions are pending review by the California Court of Appeal. Judicial economy, fairness, and comity militate in favor of the state courts concluding their adjudication of these issues. Plaintiff's convenience arguments (i.e., that the complaint has been filed, summonses have issued, and default requests have been submitted) do not outweigh those considerations, particularly given that the proceeding remains at its earliest stage.

Moreover, Plaintiff's claims based on an alleged violation of the automatic stay rest on her contention that the foreclosure deed is void because it was recorded while the stay was in effect. That assertion was resolved against her in the Prior Case. The Court previously granted relief from stay and annulled the stay retroactively to the petition date, thereby eliminating any basis to contend that the recording of the foreclosure deed violated the stay. The Court did not determine the validity of the deed under state law, which remains a matter for the state courts. Plaintiff may not use this proceeding to collaterally attack the Court's prior stay-relief order.

Plaintiff invokes claim allowance, turnover, equitable subordination, and avoidance as bankruptcy remedies tied to administration of the bankruptcy estate and the claims process. *See* 11 U.S.C. §§ 502, 510(c), 542, 544–549. The underlying bankruptcy case has been dismissed with prejudice, and the Court has concurrently denied Plaintiff's motion to reconsider that dismissal with the entry of the Order Denying Reconsideration. Accordingly, there is no estate to administer or claims process in which those remedies could operate.

Plaintiff's allegations of fraud and misrepresentations to the Court likewise arise from Defendants' representations concerning the foreclosure, their interests in the Property, and the amount of the underlying debt. To the extent those allegations rely on an asserted stay violation, they are foreclosed by the Court's prior orders. Although LBR

1017-2(f) preserves the Court's jurisdiction following dismissal over certain matters, including issues arising under §§ 105, 349, and 362, it does not require the Court to retain jurisdiction over the remaining claims, which concern state law issues that are before, or have been decided by, the state courts.

Plaintiff also invokes Civil Rule 60(d)(3) in support of her contention that the Court should retain jurisdiction to adjudicate alleged fraud on the Court in the Prior Case. She does not, however, identify any fraud in the procurement of the Dismissal Order or otherwise demonstrate that Civil Rule 60(d)(3) provides a basis to vacate that order.

Plaintiff's alternative request that the Court hold this adversary proceeding in abeyance pending determination of her motion to reconsider the Case Dismissal Order is moot. The Court has denied that motion by the concurrently entered Order Denying Reconsideration, and the bankruptcy case remains dismissed. The concern Plaintiff raises about inconsistent results if the chapter 13 case were reinstated therefore does not arise. The balance of the Motion repeats Plaintiff's arguments concerning the BYOLL debt, the All-Inclusive Deed of Trust and Real Property Agreement, the foreclosure sale, California Civil Code § 2924m, the lis pendens, Shaikh's ownership and standing, and the stay relief proceedings in the Prior Case. These arguments go to the merits of the underlying dispute, not to whether the Court should retain jurisdiction over this adversary proceeding. Plaintiff identifies no newly discovered evidence, intervening change in controlling law, clear error, or manifest injustice warranting relief under Rule 9023 and Civil Rule 59(e).

Nor has Plaintiff carried her burden under Rule 9024 and Civil Rule 60(b). She identifies no mistake in the Dismissal Order, newly discovered evidence, fraud or misconduct that prevented her from fully and fairly presenting her position, basis for concluding that the Dismissal Order is void, or extraordinary circumstances warranting relief. Her allegations of fraud concern Defendants' conduct in the underlying disputes and the Prior Case, not fraud that prevented her from fairly litigating whether the Court should retain jurisdiction over this adversary proceeding. Because the Court declines to

reinstate the adversary proceeding, Plaintiff's requests for an evidentiary hearing and for action on her requests for entry of default are also denied.

Accordingly, IT IS ORDERED that the Motion is denied.

###

Date: October 6, 2026

Julia W Brand

Julia W. Brand
United States Bankruptcy Judge